Chancellor J. Johnston
delivered the opinion of the court.
The first question is, whether there is error in that part of the decree, which directs that the legatees, who purchased, but have not complied with the terms of the sale, do either pay to the commissioner the amount of the bids, or that the property be resold.
I apprehend, it is not only competent for the court to carry its order for sale into execution, but that it is bound to do so, at the-instance of persons interested in that decree.
The defaulting purchasers, rely on the act of limitation. But the decree for sale, is substantially a judgment against the purchasers for the purchase money. The debtor cannot object the statute against any bonds to enforce the judgment against him, or his property. The decree here, is, that the purchasers pay, or that their *191 property be sold, to raise the amounts they owe. If they pay the money, that relieves the property they purchased. If not, then I think, not only that property, but, any other they may possess, may be made liable.
It may become necessary to resort to their other property : and if the necessity occurs,- an order may be made for process to issue, suitable to the exigency. For instance, if they fail to pay up the amount of their bids, and the property bought by them, shall have been aliened to persons, who may protect themselves by an adverse holding, i suppose the price bid may be raised by process against the purchasers, on their property generally.
But I tniuk, this part of the decree, should not be enforced until, upon a reference, it shall appear there are claims to be allowed in the case, to the satisfaction of which, its enforcement may be necessary.
The next question is, whether the creditors, Crovat and others, are properly before the court; and what are their rights.
These are creditors of Mrs. Anna Coburn. Their demands are lor debts contracted by her. The consideration in some instances, was for articles furnished, for her own personal benefit, in others-for the benefit of the estate in her 'charge, and in others for thtf benefit of particular legatees,- who were minors.
The case is presented to us, in a very confused manner. Frag, ments only of the records are brought up. From these it appears, that the suit was for a sale and settlement of the estate of John Coburn, and for its distribution among his' legatees. That Anna Coburn, the testator’s widow, who was an executrix, and also oner of the legatees, had assigned her share of the estate to Jane M, Coburn, for the payment of the said Anna’s debts. That at January term, 1820, the said assignee was made a party. That at the same term a decree was pronounced, directing a sale ; and that the com-itiissioner after selling, should call in the creditors of the testator f to establish their demands. That he should take an account of the administration ; and that he should out of the proceeds of sale pay the debts of the testator and of his estate. That he should pay the' share of the said Anna to her assignee, to be distributed among the creditors, according to their rights, under the provisions of the assign-"moni. That he should pay the said Anna, the executrix, whatever ba- . lance should be found due her on account of hcradministration. That he should deliver their shares to the other legatees, who were of age ; and pay the shares of the minors, to such guardians as the court should-appoint: the guardians to vest these shares in the several *192 names of their wards, and pay the annual interest to the mother o'! their wards, for their support and maintenance.
At the same term, an order was made, that the commissioner examine and report upon the debts of I he said Anna Coburn, and the order which should bo observed in the payment of the same.
Certainly it is irregular to take notice of creditors, as parties interested in the suit, upon mere motion 5 or to grant orders on their behalf, unless upon some formal proceeding on their part. 1 suppose, they might he let in upon petition, setting forth their rights, and giving an opportunity to the other parties to contest them. But even then, 1 do not think, they should be allowed to come in, or delay the suit; unless upon allegation and proof of some equitable ground, such as the insolvency of their debtor, or that it was necessary to make the application to prevent a fund from passing into unsafe hands, to their prejudice.
But as only part of the record has been furnished us, we are to presume that tin; orders which I have mentioned, wore grounded upon the consent of parties, or upon some proper proceeding, entitling the creditors to the orders. By the orders they wore recognized as interested parties.
The effect of the orders, is, to let them in as creditors of Mrs, Anua Coburn.
They are entitled to payment out ol her share of the estate, unless that has been paid over to the assignee, provided their demands fall within the provisions of the assignment.
They are also entitled to look to the funds of the estate, so far as their debtor was in advance on the administration account, for necessary expenditures for the estate ; provided, she has not been paid the balance due her on this account.
Thus lar the creditors have been let in by the orders made in the case. It does not appear thal they have been given any right to insist on advances made by their debtor, for the particular legatees who were minors. In that case, they would have been entitled to insist on such advances, within the limits of the interest on the shares of those minors, unless that interest was paid over to her, or expended by the commissioner for the support and maintenance of the minors.
The next question, respects the account of Mr. Hunt, the ex* commissioner.
He is entitled to credit for all payments on debts of the testator, or of his estate, for which proper vouchers can be produced. These payments he was directed by the decroe to make.
Hunt, tor motion.
Ctkimke, contra.
Filed 13th March, 1837.
He is also entitled for payments made to the legatees, or their guardians.
I would not extend his rights further than these limits, which aré the tiounds of his express authority. But it is the opinion of my brethren, that, under the circumstances, he should be allowed for such puymeuts oi the annual interest of the minors’ shares, as hé' may have made to their mother ; distinguishing between each share. And also for such necessary expenditures, as he may have mad© for the particular legatees, (distinguishing between itum,) withe the annual interest of their respective shares respectively, but no' further
Having expressed these general vielvs, this court will remain! the ease to the Circuit Couit; with a general direction that a reference be held in conformity with them. The accounts must bit taken up from the begin.,in», and attention must be paid particularly to the directions for making them up, contained in the decree of 1826. and to the principles set forth in (h<s opinion. In case of any difficulty, the Circuit Court will give particular instructions.
J. JOHNSTON*-
We concur,
DAVID JOHNSON,
WILLIAM HARPER*